1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

RELMON HENRY DAVIS III,          )   Case No. SA CV 11-1350 DOC (JCG)
                                 )
              Petitioner,        )   **ORDER SUMMARILY DISMISSING**
                                 )   **PETITION FOR WRIT OF HABEAS**
        v.                       )   **CORPUS WITHOUT PREJUDICE**
                                 )
L.S. MCEWEN, Warden,             )
                                 )
              Respondent.        )
_____)

**I.**

**INTRODUCTION AND SUMMARY**

On September 6, 2011, petitioner Relmon Henry Davis III ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") challenging his 2008 state court conviction. (Pet. at 2.)[1] However, because Petitioner currently has a pending state habeas petition, which could result in the reversal of Petitioner's conviction or otherwise moot the federal question, the Petition must be dismissed without prejudice.

*///*

---

[1] The Court sequentially numbers the pages of the Petition, *i.e.*, pages 1-86.

## II.

### STATE PROCEEDINGS

On October 29, 2008, Petitioner was convicted for assault with a deadly weapon and forcible oral copulation.  (Pet. at 2); *see also People v. Davis*, 2009 WL 4981277, at *1 (Cal. App. Dec. 23, 2009).  On December 23, 2009, the California Court of Appeal affirmed the conviction.  (*Id.* at 2-3.)  Petitioner then filed a Petition for Review in the California Supreme Court, which was denied on March 10, 2010.  (*Id.* at 3.)

Petitioner also filed several habeas petitions in the California courts, including two petitions in the California Supreme Court.  (Pet. at 3-6, 85-86.)  One of those petitions was filed on July 27, 2011, and remains pending.  (*Id.* at 85-86.)  The Court further takes judicial notice of information on the California Supreme Court's website, which indicates that one of Petitioner's habeas petitions to the California Supreme Court is still pending.  *See* www.courts.ca.gov/supremecourt.htm, Case Information, Case No. S195179.

## III.

### DISCUSSION

Before a state prisoner challenges his state conviction in federal court via a federal habeas petition, he must first exhaust his federal grounds for relief in state court.  28 U.S.C. § 2254(b); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*).  To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claims to the state courts, "to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan*, 513 U.S. at 365 (internal quotation marks and citation omitted).  "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted).

1    Accordingly, when a federal habeas claim is still pending before a state court, a

2    federal habeas petitioner has not met the exhaustion requirement because he has not

3    given the state court the first opportunity to address the federal claim.  *See Duncan*,

4    513 U.S. at 365.  Furthermore, "[i]f the prisoner's claim is meritorious, and if the state

5    remedy is prompt and complete, there is no need to bring post-conviction proceedings

6    in federal courts."  *Sherwood v. Tomkins*, 716 F.2d 632, 633 (9th Cir. 1983) (internal

7    quotation marks and citation omitted).

8    Thus, "[w]hen ... an appeal of a state criminal conviction is pending, a

9    would-be habeas corpus petitioner must await the outcome of his appeal before his

10   state remedies are exhausted, even where the issue to be challenged ... has been finally

11   settled in the state courts."  *Sherwood*, 716 F.2d at 634; *see also Schnepp v. Oregon*,

12   333 F.2d 288, 288 (9th Cir. 1964) (state remedies not exhausted where a state post-

13   conviction proceeding is pending).  As the Ninth Circuit cogently explained, "even if

14   the federal constitutional question raised by the habeas corpus petitioner cannot be

15   resolved in a pending state appeal, that appeal may result in the reversal of the

16   petitioner's conviction on some other ground, *thereby mooting the federal question*."

17   *Sherwood*, 716 F.2d at 634 (emphasis added) (citing *Davidson v. Klinger*, 411 F.2d

18   746, 747 (9th Cir. 1969)).

19   Here, Petitioner acknowledges that he is currently awaiting adjudication on his

20   habeas petition to the California Supreme Court.  (Pet. at 85-86.)  Since Petitioner

21   retains a pending state action which may moot or otherwise affect his alleged

22   constitutional claims before this Court, he must await the outcome of that action before

23   presenting his claims in federal court.  The California Supreme Court must be afforded

24   the opportunity to remedy any alleged constitutional violations in the first instance.

25   *Sherwood*, 716 F.2d at 634.

26   Petitioner is advised that this dismissal is *without prejudice*.  If Petitioner still

27   desires federal habeas relief following the California Supreme Court's adjudication of

28   his state habeas petition, he may file a habeas petition with this Court.  Petitioner is

further advised that there is a one-year statute of limitations on habeas claims by a petitioner in state custody, which ordinarily begins to run at the end of the period in which that petitioner can seek direct review.  28 U.S.C. § 2244(d)(1); *see also Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (for purposes of determining when judgment is final under § 2244(d)(1), period of direct review includes "the ninety-day period within which [the petitioner] could have filed a petition for a writ of certiorari from the United States Supreme Court").  The limitations period is tolled while a "properly filed" application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending, 28 U.S.C. § 2244(d)(2), but the limitations period is not tolled under section 2244(d) while a petition is pending in federal court.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## IV.

## CERTIFICATE OF APPEALABILITY

For the reasons stated above, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether":  (1) "the petition states a valid claim of the denial of a constitutional right"; and (2) "the district court was correct in its procedural ruling."  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Thus, the Court declines to issue a certificate of appealability.

///

///

///

# V.

## <u>ORDER</u>

For the foregoing reasons, **IT IS ORDERED THAT** this action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: _09/27/11

_David O. Carter_

_____
HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE